# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID R. JETER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-09-124-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant David R. Jeter requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the Commissioner's decision is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

The claimant was born on January 13, 1956 and was fifty-one years old at the time of the administrative hearing. He has an associate's degree in computer technology from San Jacinto College in Houston (Tr. 443-44) and has worked as a computer technician (Tr. 144). The claimant alleges that he has been unable to work since January 27, 2003 because of depression, obsessive compulsive disorder, acid reflux disease, inactive tuberculosis, chronic obstructive pulmonary disease (COPD), sleep apnea, headache, and manganese poisoning (Tr. 142-43).

**Procedural History**

The claimant applied on January 19, 2005 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Michael A. Kirkpatrick conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated April 22, 2008. The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of the appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform medium work, *i. e.*, he could lift/carry 25 pounds frequently and 50 pounds occasionally, and stand/walk/sit for six hours in an eight-hour workday, but could perform only simple, routine, unskilled tasks, work in occupations which require no interaction with the general public and must

avoid concentrated exposure to respiratory irritants (Tr. 18). The ALJ concluded that the claimant could not return to his past relevant work but was nonetheless not disabled because there were other jobs in the national economy he could perform, *i. e.*, hand packager, cleaner (*e. g.*, floor waxer or industrial cleaner), and rural mail carrier (Tr. 25).

**Review**

The claimant raises a single contention of error on appeal, *i. e.*, the ALJ erred by finding there was work he could perform with his non-exertional limitations of avoiding "concentrated exposure to respiratory irritants" and no interaction with the general public. The Court finds this contention unpersuasive, and the Commissioner's decision should therefore be affirmed.

The claimant does not contend that the ALJ erred in determining his RFC, which the ALJ incorporated into hypothetical questions posed to a vocational expert ("VE") at the administrative hearing. The ALJ first asked whether someone with the claimant's RFC could return to his past work as a computer technician, and when the VE responded in the negative (Tr. 449), then asked whether there were any other jobs such a person could perform. The VE responded that even with such limitations a hypothetical person could perform other jobs, *i. e.*, hand packager (1,200 jobs available locally and 129,000 nationally), industrial cleaner or floor waxer (the latter of which would have 3,100 jobs available locally and 249,000 nationally), and rural mail carrier (1,400 jobs available locally and 110,000 nationally). The VE indicated that she was relying on the Dictionary of Occupational Titles ("DOT") for this information, and responded in the negative when the ALJ asked if there were any conflicts between the DOT and her testimony (Tr. 450).

The ALJ directly relied on this testimony in finding at step five that the claimant was not disabled because there was work he could perform.

The claimant now argues that the ALJ erred because job requirements specified in the DOT and its companion the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO") arguably conflict with the testimony by the VE that the claimant could perform the jobs identified by the ALJ in concluding that the claimant was not disabled. The claimant relies in part upon testimony from the VE in response to hypothetical questions by the claimant's attorney that included greater limitations than those posed by the ALJ, *e. g.*, simple rather than concentrated exposure to respiratory irritants, which apparently would rule out some of the jobs identified in the ALJ's decision (Tr. 450).

Once the claimant shows he cannot return to his past relevant work, the "burden of going forward shifts to the Secretary, who must show that the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984). An ALJ's hypothetical questioning of a VE will provide an appropriate basis for a denial of benefits where the questions "included all the limitations the ALJ ultimately included in his RFC assessment." *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000), *citing Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). Here, the ALJ found at step four that the claimant should avoid *concentrated* exposure to respiratory irritants and interaction with the general public (Tr. 18), and included those limitations in hypothetical questions to the VE (Tr. 449-450). The VE responded with jobs that the claimant could perform

and indicated she was relying on the DOT. *See Gibbons v. Barnhart*, 85 Fed. Appx. 88, 93 (10th Cir. 2003) ("The VE testified that a person with Ms. Gibbons' limitations could perform work in an identified group of light, unskilled jobs. He also stated that the source of his information was the DOT. Once the VE stated that he was relying on the DOT, the ALJ had no further duty to investigate."). Furthermore, the ALJ specifically asked the VE whether there were any conflicts between the DOT and her testimony. *See, e. g., Kloster v. Astrue*, 2008 WL 4330015, *5 (D. Kan., Sept. 15, 2008) ("First, the ALJ must 'identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO).'"), *quoting* Soc. Sec. Rul. 00-4p. The ALJ did all he was required to do here, and he was therefore entitled to rely on the VE's testimony notwithstanding any perceived conflicts parsed out of the DOT or the SCO by the claimant after the fact. *See Gibbons*, 85 Fed. Appx. at 93 ("'To the extent that there is any implied or indirect conflict between the vocational expert's testimony and the DOT in this case, . . . the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so.'"), *quoting Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000).

In sum, the ALJ analyzed the claimant's RFC, posed proper hypothetical questions incorporating the RFC to the VE, determined that the VE's testimony was consistent with the DOT, and thus properly relied on that testimony to determine that the claimant could perform work and was accordingly not disabled. *See Qualls*, 206 F.3d at 1373 (noting

that an ALJ's hypothetical questioning of a VE will provide an appropriate basis for a denial of benefits where the questions "included all the limitations the ALJ ultimately included in his RFC assessment."), *citing Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). Consequently the decision of the Commissioner must be affirmed.

## Conclusion

In summary, the Court finds that correct legal standards were applied, and that the decision of the Commissioner is supported by substantial evidence. The Commissioner's decision is therefore hereby AFFIRMED.

**DATED** this 30th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**